UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DLT, LLC a/k/a CRAVENSPEED.COM, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ESR PERFORMANCE CORP. a/k/a VMS RACING, a Florida for profit corporation,<br><br>Defendant. | CASE NO. 16-5428<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |

 This matter comes before the Court on the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 12) and Plaintiff's request for judicial notice (Dkt. 19). The Court has considered the pleadings filed regarding the motion and request, and the file herein.

 On June 2, 2016, Plaintiff, an Oregon corporation, filed this case against the Defendant, ESR Performance Corporation ("ESR"), regarding a dispute over a trademark for a bullet-shaped car antenna. Dkt. 1. In the pending motion, ESR, a Florida corporation, with its principle place of business in Miami, Florida, asserts that this case should be dismissed for lack of personal

1  jurisdiction and/or transferred pursuant to 28 U.S.C. §1406(a) to the U.S. District Court for the
2  Southern District of Florida. Dkt. 12. For the reasons below, the case should be transferred.
3  ESR did not oppose the Plaintiff's request for judicial notice (Dkt. 19) and so the request will be
4  granted with no further analysis.

### I.  FACTS

6  According to the First Amended Complaint, Plaintiff is an Oregon product design and
7  sales company that distributes the contested bullet-shaped car antennas on Amazon, through
8  Plaintiff's own website, and specialty retailers. Dkt. 8, at 2-3. The Amended Complaint asserts
9  that on or around December 28, 2013, Enrique Biaz, the President of ESR, purchased a bullet-
10 shaped car antenna from Plaintiff. *Id.*, at 5. In 2015, ESR applied for a trademark, claiming
11 "[t]he mark consists of a three-dimensional configuration of an automobile antenna that is
12 shaped like a bullet cartridge . . ." *Id.* After rejection of the application, ESR supplemented its
13 response, declaring that "[c]ompetitors have a number of different designs to use for competitive
14 goods." *Id.* The First Amended Complaint alleges that this was a false statement and that ESR
15 made other false statements to "induce the Examiner to withdraw his prior rejection of the
16 applied for mark." *Id.*, at 6. The trademark was eventually registered to ESR as United States
17 Trademark 4,954,143 and was issued on May 10, 2016. *Id.*
18 On May 20, 2016, Plaintiff received notice from Amazon that Amazon will not carry four
19 of Plaintiff's bullet-shaped car antennas. *Id.,* at 6. Four days later, on May 24, 2016, ESR sent
20 Plaintiff a cease and desist letter claiming violations of the Digital Millennium Copyright Act, 17
21 U.S.C. § 512, and notifying Plaintiff that material on its website "infringes on the exclusive
22 trademark copyrights of ESR." *Id.,* and attachment to the First Amended Complaint at Dkt. 8-1,
23 at 7. On May 27, 2016, ESR sent Plaintiff another cease and desist email regarding Plaintiff's

continued listing of the bullet-shaped car antennas on its website and on Amazon. *Id.* and attachment to the First Amended Complaint Dkt. 8-1, at 10.

The First Amended Complaint: (1) seeks a declaratory judgment of non-infringement under the Digital Millennium Copyright Act, (2) seeks a declaratory judgment of non-infringement under the Lanham Act, (3) seeks cancellation of United States Trademark 4,954,143, (4) asserts a claim for "unfair trade practices," and (5) asserts a claim for tortious interference with the contract between Plaintiff and Amazon. Dkt. 8, at 7-8.

ESR now moves for dismissal of the case for lack of personal jurisdiction and/or for transfer of the case to the U.S. District Court for the Southern District of Florida. Dkt. 12. It argues that there is no basis for the exercise of general jurisdiction over it here because it is a Florida corporation with no Washington property, no Washington employees, no Washington phone number or bank account, conducts no advertising or marketing to Washington residents, attends no conferences in the state, has no subsidiaries here, and its principals have never set foot in Washington. *Id.* ESR argues that exercise of specific jurisdiction is not appropriate either because it did not purposefully direct its activities at Washington or avail itself of the privilege of doing business in Washington. *Id.* ESR asserts that what little of its sales took place in Washington are not related to Plaintiff's claims. *Id.* It maintains that the exercise of jurisdiction is not reasonable – that it does not comport with "fair play and substantial justice." *Id.* ESR argues that Florida is the better venue.

Plaintiff responds and argues that the Court should exercise specific jurisdiction over ESR because it purposefully directed its activities at Washington and availed itself of the privilege of doing business in Washington. Dkt. 16. Plaintiff asserts that its claims are related to

ORDER ON DEFENDANT'S MOTION TO
DISMISS FOR LACK OF PERSONAL
JURISDICTION- 3

ESR's contacts with Washington. *Id.* It maintains that the exercise of jurisdiction is reasonable. *Id.* Plaintiff opposes transfer of the case. *Id.*

## II.  DISCUSSION

### A. STANDARD

Fed. R. Civ. P. 12(b)(2) provides that a complaint shall be dismissed for lack of personal jurisdiction over a defendant. *Boschetto v. Hansing,* 539 F.3d 1011 (9th Cir 2008). "In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto,* at 1015 (*citing Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir.1990)).

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir.2004)(*citing* Fed.R.Civ.P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir.1998)). Washington's long-arm jurisdictional statutes, RCW 4.28.185 and RCW 4.28.080, are coextensive with federal constitutional due process requirements. *Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.,* 1 F.3d 848, 850-851 (9th Cir. 1993). Accordingly, "the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger,* at 800 (*internal citations omitted*).

Under the due process clause, "[f]or a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir.2004)(*quoting Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). "There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant-

general jurisdiction and specific jurisdiction." *Boschetto,* at 1016.  The parties agree that this Court does not have general jurisdiction over ESR, and so this opinion will now address whether the Court could exercise specific jurisdiction over ESR.

**B. SPECIFIC JURISDICTION**

A three-part test is applied to determine whether the exercise of specific jurisdiction over a nonresident defendant is appropriate:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Boschetto,* at 1016 (*internal quotations and citations omitted*).  Plaintiff bears the burden on the first two prongs. *Id.* "If the plaintiff establishes both prongs one and two, the defendant must come forward with a compelling case that the exercise of jurisdiction would not be reasonable." *Id.*

      1. <u>Purposeful Direction or Availment?</u>

Under the first prong of the specific personal jurisdictional test, the analysis is divided into two sections:  purposeful direction and purposeful availment. *Schwarzenegger,* at 802.  "A purposeful direction analysis is most often used in suits sounding in tort and a purposeful availment analysis is most often used in suits sounding in contract." *Id.*

    *a.  Direction*

"A showing that a defendant purposefully directed his conduct toward a forum state . . . usually consists of evidence of the defendant's actions outside the forum state that are directed at

ORDER ON DEFENDANT'S MOTION TO
DISMISS FOR LACK OF PERSONAL
JURISDICTION- 5

the forum, such as the distribution in the forum state of goods originating elsewhere." *Schwarzenegger,* at 802. "[D]ue process permits the exercise of personal jurisdiction over a defendant who purposefully directs his activities at residents of a forum, even in the absence of physical contacts with the forum." *Id.*, at 803 (*internal quotations omitted*).

Plaintiff, in its Response, argues that ESR is subject to jurisdiction under the "direction" test for personal jurisdiction. Dkt. 15. Plaintiff alleges that ESR sells goods to Washington state customers. Accordingly, Plaintiff has shown that ESR purposefully directed its sales activities to Washington state residents.

Plaintiff also asserts that ESR emailed a complaint to Amazon, alleging that Plaintiff was violating ESR's intellectual property rights, demanding that Amazon "take down" Plaintiff's Amazon webpage. Dkt. 8, at 2. Plaintiff asserts that this Court can exercise specific jurisdiction over ESR because Amazon is headquartered in Seattle, and so ESR purposefully directed its complaint activity to a Washington resident. *Id.* This is an extremely thin showing - that by emailing a complaint to third-party Amazon, this Court may exercise jurisdiction over an out of state Defendant for an out of state Plaintiff. Further, it is difficult to imagine that ESR could have possibly foreseen being "haled into court" in Washington by emailing Amazon. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)(noting that the "foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.") Accordingly, Plaintiff has not asserted sufficient facts to support the conclusion that ESR's sending a complaint to Amazon constituted purposeful direction to a resident of Washington.

    b. *Availment*

1	Under the "purposeful availment" portion of the test, the plaintiff must show "that a
2	defendant purposefully availed himself of the privilege of doing business in a forum state" which
3	"typically consists of evidence of the defendant's actions in the forum, such as executing or
4	performing a contract there." *Schwarzenegger,* at 802.

5	Plaintiff has sufficiently shown that ESR purposefully availed itself of doing business in
6	the forum state based on its sales.  The pleadings assert that ESR sold goods to Washington
7	consumers.  By taking such actions, ESR has "purposefully avail[ed] itself of the privilege of
8	conducting activities within the forum State, thus invoking the benefits and protections of its
9	laws." *Schwarzenegger,* at 802.

10	Plaintiff, in its Response, also argues that ESR "is subject to jurisdiction under the
11	'purposeful availment' test for personal jurisdiction" based on Amazon's "Participation
12	Agreement." Dkt. 15.  Plaintiff argues that by sending a complaint to Amazon, ESR "engage[d]
13	in a business transaction with Amazon" and so Amazon's "Participation Agreement" applies.
14	Dkt. 15, at 7-8.  This "Participation Agreement" includes a forum selection clause for
15	Washington. *Id.*  The "Participation Agreement," which is attached to Plaintiff's motion,
16	indicates that the "parties" to the agreement are Amazon and a potential seller.  Dkt. 20-1, at 4-7.
17	The "Participation Agreement" provides that "by registering for and using the services, you
18	agree to be bound by all terms and conditions of this participation agreement" but contains no
19	provision regarding third parties that complain about possible trademark infringement.  Further,
20	this "Participation Agreement" provides that "[e]ach party consents that any dispute or claim
21	relating in any way to . . . the use of the Services or Transaction Processing Services will **be**
22	**resolved by binding arbitration . . . rather than in court, . . .** except that you or we may bring
23	suit in the state or Federal courts in King County, Washington to enjoin infringement or other
24	

ORDER ON DEFENDANT'S MOTION TO
DISMISS FOR LACK OF PERSONAL
JURISDICTION- 7

misuse of intellectual property rights." Dkt. 20-1, at 6 (*emphasis in original*). There is no allegation in the First Amended Complaint that this agreement applies to ESR. Even if it did, it would constitute an agreement between Amazon and ESR, not an agreement between ESR and Plaintiff. Plaintiff fails to show that ESR purposefully availed itself of the privilege of doing business in Washington based on this "Participation Agreement."

c. *Conclusion on Purposeful Direction or Availment*

Plaintiff has shown that ESR purposefully directed its actions at Washington and purposefully availed itself of the privilege of doing business in Washington based on ESR's sales. Plaintiff did not make a showing on any other grounds.

2. Claims Arise Out of Nonresident Defendants' Activities?

In order to exercise specific personal jurisdiction over a nonresident defendant, a plaintiff must show that their "claim must be one which arises out of or relates to the defendant's forum-related activities." *Boschetto,* at 1016 (*internal quotations and citations omitted*).

Plaintiff has failed to show that its' claims arise out of or relate to ESR's sales activities in Washington. A change in the future sales are, at best, tangentially related to Defendants' activities or the claims Plaintiff makes. Plaintiff has not made a prima facia case that the exercise of specific jurisdiction over ESR is constitutional.

3. Exercise of Jurisdiction Comports with Fair Play and Substantial Justice?

Assuming, without finding, that Plaintiff did meet its burden, the burden now shifts to ESR to show that the exercise of jurisdiction is not reasonable – that it does not comport with "fair play and substantial justice." *Boschetto,* at 1016 (*internal quotations and citations omitted*). ESR must present a "compelling case." *CollegeSource v. AcademyOne, Inc.,* 653 F.3d 1066,

1079 (9th Cir. 2011). In determining whether the exercise of jurisdiction comports with "fair play and substantial justice" and is therefore reasonable, seven factors are considered:

> (1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Id.*

ESR has shown that the exercise of specific personal jurisdiction here is not reasonable. First, the extent of ESR's "purposeful injection" into Washington's affairs was minimal. It emailed a single complaint to Amazon. The burden on ESR of defending in Washington is significant. ESR is a Miami, Florida company - all of its offices, principals, shareholders, and employees are all in Florida. All ESR's documentation is in Florida. Miami, Florida is a significant distance from Tacoma, Washington. There is no showing on the "extent of the conflict with the sovereignty" of Florida, but Washington's interest in adjudicating this dispute is very low. The Plaintiff is from Oregon and ESR is from Florida. While Washington residents may experience some change in price based on ESR's activities, there is no showing that Florida residents would not also be impacted by such a change in price. The most efficient judicial resolution of the controversy would not be in Washington. It appears that most of the witnesses and evidence are located elsewhere. Plaintiff acknowledges that other competitors have filed suits against ESR seeking relief from the U.S. Patent and Trademark office. Washington is not the best forum for resolution of the issues raised here. Further, the use of a Washington forum is unimportant to the Plaintiff's interest in convenient and effective relief. Lastly, an adequate alternative forum exists. The U.S. District Court for the Southern District of Florida is able to

handle this case.  ESR has shown that this Court's exercise of specific jurisdiction over it does not comport with "fair play and substantial justice." *Boschetto,* at 1016 (*internal quotations and citations omitted*).

## C. PERSONAL JURISDICTION CONCLUSION

This Court does not have personal jurisdiction over ESR.  ESR argues that if this Court finds that it does not have personal jurisdiction over it, either the case should be dismissed or transferred to the U.S. District Court for the Southern District of Florida.  The Supreme Court has held that a district court lacking personal jurisdiction can transfer an action to a proper venue.  *Goldlawr, Inc. v. Heiman,* 369 U.S. 463 (1962).  In the interest of efficiently reaching the merits of the case, rather than dismissal, the case should be transferred in accord with the above reasoning and the following.

## D. TRANSFER

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  When considering a motion to transfer venue, the court may consider:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-499 (9th Cir. 2000).

ESR has met its burden and shown that the U.S. District Court for the Southern District of Florida is the appropriate forum for this case.  First, the relevant documents were generated and sent from Florida. This factor weighs in favor of transfer.

Neither Washington nor Florida are more familiar with the law relating to claims under the Digital Millennium Copyright Act, the Lanham Act, cancellation of United States Trademark 4,954,143 for "unfair trade practices," and for tortious interference with the contract between Plaintiff and Amazon. This factor is neutral.

Plaintiff's choice of Washington as a forum weighs in Plaintiff's favor.

Neither party had much contact with Washington. Plaintiff is an Oregon company and Defendant is a Florida company. While Amazon is headquartered in Washington, it is not a party. The Washington contacts related to Plaintiff's causes of action are very limited. These factors weigh in favor of transferring the case.

Moreover, the cost of litigating in Florida is likely cheaper for a majority of those involved. Few witnesses, if any, relevant to this case are in Washington. Several of the potential witnesses are located in Florida, where all ESR's employees are located. There may not be a compulsory process to compel attendance of some of these witnesses if they are unwilling to travel to Washington. These considerations weigh strongly in favor of transfer. Moreover, the ease of access to sources of proof also weighs slightly in favor of transfer.

Defendants have shown that "[f]or the convenience of parties and witnesses, in the interest of justice" and in the interest of judicial economy, this case should be transferred to United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's request for judicial notice (Dkt. 19) **IS GRANTED**;
- Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 12) **IS GRANTED in part;** and

- The case **IS TRANSFERED** to United States District Court, for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 27th day of September, 2016.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge